# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00025-016 |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **HEATHER ASHLEY DAVIS,** ) | Judge James P. Jones |
| ) | |
| Defendant.  ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, by counsel, has filed a motion seeking to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes the motion. For the following reasons, the defendant's motion will be denied.

I.

The defendant was sentenced by this court on January 15, 2020, to a term of 120 months' incarceration for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Her sentence was the statutory mandatory minimum and was a variance below the guideline range of 188 to 235 months, based upon her drug dependency and lengthy mental health history, including PTSD, bi-polar disorder, and schizophrenia. Statement of Reasons 3, ECF No. 887; Presentence Investigation

Report (PSR) ¶ 428, ECF No. 866.  She has a history of suicide attempts in 2003 and 2017.  *Id*. at ¶ 429.

The defendant's projected release date is July 22, 2028.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  Those policy statements are set forth in U.S. Sentencing Commission Manual § 1B1.13.

## II.

The defendant, now 41 years old, relies upon her current medical conditions as a ground for release from her prison sentence.  She alleges that she suffers from severe ulcerative colitis, epilepsy, hepatitis C, irritable bowel syndrome, uterine cysts, and Barrett's esophagus.  According to her, she has frequent bowel movements (a maximum of 30 times daily) and the loss of nearly 100 pounds.[1]

The government contends that these medical conditions are long-standing and can be managed in prison.[2]  The government also notes that the BOP medical

---

[1] The medical records show, however, that the defendant advised nursing staff that "her weight 'on the streets' was 200 lbs and [she] has been able to maintain a weight of 145 lbs over the past year."  Mot. Sentence Reduction Ex. 2, Bureau of Prisons (BOP) Health Servs. Med. Recs. 286, ECF No. 1468-3.

[2] The defendant reported at the time of her sentencing that she was in "fair physical health" but suffered from ulcerative colitis, as well as seizures, for which she was

records submitted make little mention of hepatitis C, Barrett's esophagus, or irritable bowel syndrome other than listing them as prior, controlled diagnoses, although the government concedes that the records reflect that she suffers from ulcerative colitis with associated weight loss, and a uterine cyst. The defendant alleges that she has not yet had a colonoscopy ordered in June of 2023, although the medical records do show that she had a colonoscopy in November of 2022, which showed general inflammation due to the ulcerative colitis. BOP Health Servs. Med. Recs. 42, ECF No. 1468-3. She also underwent a CT scan of her abdomen and pelvic area in October of 2023, which showed normal findings consistent with the colitis. As she mentions, she has mouth ulcers, which may be related to her ulcerative colitis, and which have been treated by suggested dietary changes and medication.

Upon careful review of defendant's medical records, I do not find that she has shown that she is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." USSG § 1B1.13(b)(1)(C).

The defendant also contends that her 63-year-old mother and her 16-year-old daughter both need her as a caregiver. The defendant's mother had a mastectomy

---

prescribed medication. PSR ¶ 426, ECF No. 866. "Ulcerative colitis is a condition in which the lining of the large intestine (colon) and rectum become inflamed." Penn Medicine, *Ulcerative Colitis,* https://www.pennmedicine.org/for-patients-and-visitors/patient-information/conditions-treated-a-to-z/ulcerative-colitis (last visited Jan. 23, 2024).

due to breast cancer in 2021, for which she is still being treated. She has had five back surgeries and says that she walks with a cane due to numbness in her left leg. She suffers from panic attacks and anxiety. Mot. Sentence Reduction Ex. 6, Shaffer Letter, ECF No. 1468-7. The defendant asserts that other family members are unavailable (her other daughter is a 19-year-old college student who lives with the daughter's paternal grandparents), or disabled, unable to be found, or inappropriate caregivers.

In opposition, the government contends that the defendant has not made a "robust evidentiary showing that [her mother] was the only available caregiver," Resp. to Def.'s Mot. 10, ECF No. 1485 (quoting *United States v. Barlow,* No. 7:19-cr-00024-4, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023). Moreover, the government argues that she has not sufficiently shown that her mother is incapacitated, citing medical records submitted by the defendant stating that in a follow-up medical examination for her breast cancer in August of 2023, her mother was found to be in no acute distress, "[f]ully active," and "able to carry on all pre-disease performance without restriction." Mot. Sentence Reduction Ex. 5, Ballad Health Med. Recs. 9, ECF 1468-6.[3]

---

[3] The defendant's mother received a ECOG Performance Status Scale grade of 0. This scale in a cancer patient "describes a patient's level of functioning in terms of their ability to care for themselves, daily activity, and physical ability (walking, working, etc.)." ECOG-ACRIN Cancer Research Group, *ECOG Performance Status Scale*, https://ecog-

Because the defendant has not shown that her mother is incapacitated and is thus an available caregiver for her daughter, I find that the defendant has not shown that her family circumstances, as defined in USSG § 1B1.13(b)(3)(A)–(D), constitute an extraordinary and compelling reason for reduction of her sentence.

III.

I find that the submitted facts, including the defendant's medical conditions, her mother's medical situation, and the needed care for the defendant's teenage daughter, are insufficient to constitute a compelling and extraordinary circumstance. While I sympathize with the defendant's medical situation, there is no indication that her conditions would be less burdensome or cured more easily outside of prison than inside. Her counsel has submitted over 900 pages of medical records from the Bureau of Prisons and outside consulting specialists that clearly show that she has not been ignored.[4] In addition, I agree with the government that the proof of her need to be a family caregiver is inadequate.

---

acrin.org/resources/ecog-performance-status/ (visited Jan. 23, 2024). A grade of 0 is "fully active." *Id.*

[4] For example, while the defendant was confined in November of 2022 at FCI Waseca, in Waseca, Minnesota, she was hospitalized at a Mayo Clinic for treatment of a kidney infection (pyelonephritis), where it was then determined that her ulcerative colitis was the principal problem. BOP Health Servs. Med. Recs. 348, ECF No. 1468-3. In 2013, while incarcerated at Carswell FMC in Fort Worth, Texas, she was seen by a specialist from the University of North Texas Health Sciences to evaluate her reports of chest pain. Mot. Sentence Reduction Ex. 3, Med. Recs. 334, ECF No. 1468-4. In the same year, she had a hysteroscopy under general anesthesia at a hospital in Fort Worth for abnormal uterine bleeding. *Id.* at 342.

IV.

Considering the foregoing, I find that the defendant is not qualified for a reduction of her sentence. Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 1468, is DENIED.

ENTER: January 24, 2024

/s/  JAMES P. JONES
Senior United States District Judge